United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RATAH B. MENIOOH,

Plaintiff,

v.

DAVID STEINER,

Defendant.

Case No. 26-cv-09048-KAW

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; GRANTING MOTION RE FILING DATE**

Re: Dkt. Nos. 3, 7

On August 26, 2026, Plaintiff Rata B. Meniooh filed this civil action against Defendants United States Postal Service ("USPS"), Postmaster General David Steiner, Supervisor Heather McTigue, and Manager Sydney Patino, alleging age and disability discrimination and retaliation. (Compl., Dkt. No. 1.) Plaintiff also filed an application to proceed *in forma pauperis*. (Dkt. No. 3.)

Per the complaint, Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission on May 15, 2026. (Compl. ¶ 42, Exh. A.) Per the Age Discrimination in Employment Act, the Rehabilitation Act, and Title VII, Plaintiff was required to file the complaint within 90 days of receiving the right to sue letter, *i.e.*, August 13, 2026. *See De Vera v. United Airlines, Inc.*, No. 25-cv-07814-JSC, 2026 U.S. Dist. LEXIS 161843, at *11 (N.D. Cal. July 21, 2026); *Asuncion v. Hegseth*, 150 F.4th 1252, 1256 (9th Cir. 2025); *Williams v. Wolf*, No. 19-cv-00652-JCS, 2019 U.S. Dist. LEXIS 204376, at *15 (N.D. Cal. Nov. 25, 2019).

On September 18, 2026, Plaintiff filed a motion asking that the case be deemed constructively filed as of August 10, 2026. (Dkt. No. 7.) Plaintiff explained that although he had mailed his complaint to the Clerk's Office, he received a letter from the Clerk's Office on August 10, 2026. (Meniooh Decl. ¶¶ 2-3, Dkt. No. 7 at 5.) Therein, the Clerk's Office acknowledged

receipt of the documents but required that Plaintiff complete a civil cover sheet. (Meniooh Decl. ¶ 3, Exh. A.)

The Court finds that based on these affirmations and the evidence presented, Plaintiff filed his case no later than August 10, 2026, *i.e.*, within the 90-day period. Per Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Moreover, "as with other pleadings and papers, a complaint is filed by delivering it to the clerk." *Escobedo v. Applebees*, 787 F.3d 1226, 1233 (9th Cir. 2015). Thus, the Ninth Circuit has concluded that "the filing date of a complaint is the date **it is delivered** to the clerk," even if it is missing documents such as an IFP application or a civil cover sheet. *Id.* at 1228 (emphasis added); *see also Cintron v. Union P. R. Co.*, 813 F.2d 917, 920-21 (9th Cir. 1987) (explaining that "papers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court" and concluding that the case should not have been dismissed as untimely where the clerk of the court timely received the case but rejected it as not including a civil cover sheet and the full filing fee). Accordingly, the Court GRANTS Plaintiff's motion to find that the case was filed on August 10, 2026, and ORDERS the Clerk's Office modify the docket to reflect that the complaint was filed on August 10, 2026.

Having considered the application and complaint, the Court GRANTS Plaintiff's IFP application. The Clerk of Court shall issue the summons. Furthermore, the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, Plaintiff's affidavit and this order upon Defendant(s).

While this case is pending, Plaintiff must promptly inform the Court of any change of address. Failure to do so may result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 23, 2026

KANDIS A. WESTMORE
United States Magistrate Judge